IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE DONOVON SANDERS,[1] ID # 1457662, ) | |
| Petitioner, ) | |
| vs. ) | No. 3:08-CV-1900-K (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
| Respondent. ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge a Dallas County conviction for murder in F07-00694-RE. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. State Procedural History**

On August 10, 2007, petitioner was convicted of murder in Cause No. F07-00694-RE. (*See* Pet. Writ of Habeas Corpus (Pet.) at 2.) He has not appealed the conviction, but has filed a state habeas application for writ of habeas corpus that remains pending in state court. (*See id.* at 3-4.)

---

[1] Due to a docketing error, the Court identified petitioner as "Joe Daniel Sanders" in a prior order. The Clerk's Office has corrected the docketing error, and the Court identifies petitioner by his proper name, "Joe Donovon Sanders."

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

The exhaustion requirement codified in 28 U.S.C. § 2254 "serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The requirement, however, is not absolute. *See* 28 U.S.C. § 2254(b) (setting forth two scenarios that excuse a failure to exhaust and explicitly providing that the federal courts may deny a petition for writ of habeas corpus on the merits despite a failure to exhaust). Exhaustion is not required, "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3. "[E]xhaustion is not necessary where resort to state remedies would be futile, because the necessary delay before entrance to a federal forum which would be required is not justified where the state court's attitude towards a petitioner's claims is a foregone conclusion." *Dilworth v. Johnson*, 215 F.3d 497, 501 n.3

(5th Cir. 2000) (quoting *Carter v. Estelle*, 677 F.2d 427, 446 (5th Cir. 1982)). "[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances'" and petitioner has the burden to demonstrate the futility of pursuing available remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *DCP Farms v. Yeutter,* 957 F.2d 1183, 1189 (5th Cir. 1992)).

In this case, the Texas Court of Criminal Appeals has not had an adequate opportunity to address petitioner's pending state application. Petitioner's federal petition reflects that (1) he filed that petition on December 28, 2007; (2) the trial court appointed an attorney on January 18, 2008, to compose findings of fact and conclusions of law; (3) after the trial court responded to a writ of mandamus filed by petitioner, the Court of Criminal Appeals denied the mandamus writ on June 18, 2008; and (4) in early October 2008, the Court of Criminal Appeals denied a second mandamus writ filed by petitioner. (Pet. at 7 and attached page.) Petitioner contends that the state courts have inordinately and unreasonably delayed ruling on his state habeas petition; thus making the state post-conviction remedies inadequate and unconstitutional. (*Id.* at attached page.)

On these facts, the Court finds no inordinate or unreasonable delay. That petitioner has not received a ruling within a time-period he deems reasonable does not make exhaustion of state remedies inadequate, unconstitutional, or unnecessary. Although petitioner seeks to excuse his failure to exhaust because of the delay in processing his state writ, he presents nothing to indicate that his state remedies are unavailable. He presents nothing to indicate that it would be futile to pursue the available state remedies through completion. He has not carried his burden to show that an exception to the exhaustion requirement applies. For all of these reasons, the Court should find no exception to the exhaustion requirement applicable to this case and further find that petitioner has not exhausted his state remedies.

3

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has not fairly presented any claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 1st day of November, 2008.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE